IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN SALVADOR OCHOA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-214-D |
| | § | |
| BRIAN THOMAS, Sheriff, | § | |
| Potter County, Texas, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner STEPHEN SALVADOR OCHOA. For the following reasons, petitioner's motion to vacate should be dismissed.

I.
PROCEDURAL HISTORY

On October 3, 2016, petitioner, at the time a Potter County Detention Center inmate, purportedly placed his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in the detention center mailing system, said pleading being received by this Court and filed of record on October 5, 2016. [ECF 3]. By his motion, petitioner indicated he was seeking to challenge two (2) September 14, 2016 judgments of conviction out of the 251st Judicial District Court of Potter County, Texas for the felony offenses of possession with intent to deliver a controlled substance in a drug free zone, enhanced, and unlawful possession of a firearm, enhanced. *See State v. Ochoa*, Nos. 69,818-C and 69,819-C. Petitioner did not indicate

he was seeking to challenge any federal conviction pursuant to which he was in federal custody.

In his motion to vacate, petitioner asserted he was being held in violation of the Constitution, laws, or treaties of the United States on the following grounds:

1. "I have changed my standing in commerce from Debtor to Secured Party Creditor. I put all forms filed in public. Judge Estevez still proceeded with trial knowing she didn't have jurisdiction";

2. "Violated my civil rights. Judge Estevez still proceeded with trial – knowing all paperwork had been filed to change standing in commerce to Secured Party Creditor. Out of her jurisdiction and State's jurisdiction"; and

3. "She violated due process."

The above statements were the full extent of petitioner's grounds and/or supporting facts supporting each ground. In his motion, petitioner failed to identify the relief he was asking the Court to grant.

Petitioner also submitted with his section 2255 motion to vacate an incoherent pleading with an introduction identifying the document as a "[d]eclaration and PEACE TREATY by a peaceful inhabitant, Non-Combative, Non-Aggressive Inheritor of the LAND," but indicating the document was "To Be Known as a Recording of ACCPETANCE AND AFFIDAVIT/ SPECIAL ACKNOWLEDGMENT/ DEEDED Land Patent and LIVING WILL SPECIAL DEPOSIT/ BAILMENT BOND $50,000,000.00." [ECF 4].

In correspondence filed November 7, 2016 as "Additional Attachments" [ECF 6], petitioner advised that although he was "wrongfully incarcerated" on September 14, 2016, he was sentenced in the state court cases he is attempting to challenge in this 2255 proceeding on October 6, 2016, the day after the motion to vacate was received and this proceeding opened. Review of the online Offender Information Details maintained by the Texas Department of Criminal Justice reveals petitioner was, in fact, sentenced in Potter County on October 6, 2016 to a 22-year term of imprisonment for the possession of a controlled substance offense, and a 3-year consecutive term

of imprisonment for the unlawful possession of a firearm offense. In the concluding line of his November 7, 2016 correspondence, petitioner indicated he wanted immediate relief from incarceration and compensation.

## II.
## MOTION TO VACATE IMPROPER/ CLAIMS SHOULD BE DISMISSED

A motion to vacate under 28 U.S.C. § 2255 is the "primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Jurisdiction to entertain a section 2255 motion requires that the petitioner be "in custody under sentence of a court established by Act of Congress. . . ." 28 U.S.C. § 2255(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Here, petitioner is not subject to, or collaterally attacking, a federal sentence. At the time of filing, it appears petitioner was a pre-sentence state court detainee and could have filed a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement on certain judicially recognized grounds. After the entry of the state court judgment on October 6, 2016, petitioner could have filed, or possibly converted his section 2241 petition to, a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction and sentence.[1] Petitioner's filing of a section 2255 motion to vacate a federal sentence, however, was improper. As petitioner is not in custody under sentence of a federal court, this Court does not have jurisdiction to entertain his section 2255 motion.

Even if this Court were to liberally construe petitioner's section 2255 motion to vacate as a section 2241 or 2254 habeas petition challenging his pre-sentence confinement or state court conviction and sentence, petitioner's pleading should still be dismissed. Petitioner's claims, fully set forth above, are, for the most part, incoherent and unintelligible, referencing terms completely

---

[1]Petitioner would have still been required to exhaust his state court remedies prior to seeking federal habeas corpus relief, which it does not appear he did here.

inappropriate in the habeas corpus context and virtually nonsensical in a purported challenge to the constitutionality of a criminal conviction and sentence. To the extent petitioner's claims can be interpreted either as a complaint of trial court error in proceeding to trial despite petitioner's objection that the court lacked jurisdiction for an unclear reason, or as a claim that proceeding to trial resulted generally in a violation of petitioner's civil rights and a denial of due process, such claims are conclusory, totally unsupported, fatally undefined and nonspecific, and/or fail to allege a constitutional deprivation.

Even so construing petitioner's claims and liberally viewing his limited supporting argument, the undersigned is unable to determine any constitutional bases upon which petitioner contends he is being held unlawfully. Moreover, petitioner fails to state the specific relief he is seeking by way of this proceeding, other than his general claim for relief from incarceration and compensation in his subsequent correspondence. Petitioner's claims fail to describe any sort of viable constitutional challenge to his confinement or convictions and sentences, and thus fail to state any claim upon which habeas corpus relief may be granted. As petitioner fails to clearly state any valid or legitimate bases on which he claims he is being held in violation of the Constitution, petitioner's initial pleading, even if liberally construed as a section 2241 or 2254 pleading, is patently frivolous and should be dismissed.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF 3] filed by petitioner STEPHEN SALVADORE OCHOA be DISMISSED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 4, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).